## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RUDY J. ZABALA and JOSE FRANCISCO ZABALA, on behalf of themselves and all others similarly situated, | ) ) ) ) | No. |
| Plaintiffs, | ) ) ) | |
| -against- | ) ) | COMPLAINT |
| HORIZON CONSULTING NY INC., BLUE DIAMOND MANAGEMENT, INC., CARLYLE CATERING OF LONG ISLAND, INC., RAVINDER CHOPRA, SHALU SURI, SUSHIL K. GOYAL, MANOJ A. NARANG, RANJU NARANG, and NILESH D. PATEL, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | Plaintiffs Demand a Trial by Jury |

Plaintiffs, RUDY J. ZABALA and JOSE FRANCISCO ZABALA (collectively referred to as the "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, the Law Offices of CARDENAS, ISLAM & ASSOCIATES, P.L.L.C., and LEVINE & BLIT, PLLC, as and for their Complaint, against Defendants the HORIZON CONSULTING NY, INC. ("Horizon Consulting"), BLUE DIAMOND MANAGEMENT ("Blue Diamond"), CARLYLE CATERING OF LONG ISLAND, INC. ("Carlyle Catering"), RAVINDER CHOPRA ("Chopra"), an individual SHALU SURI ("SURI"), an individual, SUSHIL K. GOYAL ("Goyal"), an individual, MANOJ A. NARANG ("M. Narang"), an individual, RANJU NARANG ("R. Narang"), an individual, NILESH D. PATEL ("Patel"), an individual, (hereinafter, all defendants shall be collectively referred to as the "Defendants"), for violations of the Fair

Labor Standards Act of 1938, as amended (the "FLSA"); and the New York State Labor Law ("Labor Law"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This putative collective action and class action is brought to remedy unpaid minimum wages and unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and the New York Labor Law ("Labor Law"); unpaid spread of hours wages in violation of the Labor Law and its regulations; and violations of Labor Law 195(1) and Labor Law 195(3).


2.      Plaintiffs seek declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost minimum wages, overtime premium wages, and spread of hours wages; an award of liquidated damages under the FLSA and/or Labor Law; statutory damages pursuant to Labor Law 195(1) and Labor Law 195(3); Plaintiff's reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the law of the United States.

4.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court pursuant to 29 U.S.C. §§201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in the Defendants maintain offices and conduct business in this district.

## PARTIES

6.      Plaintiff RUDY J. ZABALA is a citizen of the State of New York and began working for the Defendants as an employee in or about September 2015.

7.      Plaintiff JOSE FRANCISCO ZABALA is a citizen of the State of New York and began working for the Defendants as an employee in or about September 2015.

8.      Plaintiffs, are at all relevant times herein, covered individuals within the meaning of the FLSA and the Labor Law, and were employed by Defendants within the meaning of the FLSA and the Labor Law.

9.      At all relevant times herein, Defendant Horizon Consulting is a domestic corporation organized under the laws of the State of New York with a principal place of business located at 134-11 Dahlia Avenue, Apt. B, Flushing, New York 11355.

3

10.     At all relevant times herein, Defendant Blue Diamond is a domestic corporation organized under the laws of the State of New York with a principal place of business located at One Southwoods Road, Woodbury, New York 11797.

11.     Upon information and belief, Horizon Consulting and Blue Diamond are and were a joint employer or single integrated employer of Plaintiffs.

12.     At all relevant times herein, Defendant Carlyle Catering is a domestic corporation organized under the laws of the State of New York with a principal place of business located at 11 Skyline Drive, Plainview, New York 11803.

13.     Upon information and belief, Carlyle Catering is a successor or substantial continuity of Horizon Consulting and/or Blue Diamond, as these entities share common ownership, Carlyle Catering purchased the assets of Horizon and/or Blue Diamond and continued the same operations with many of the same employees, and Carlyle Catering knew or should have known of the liabilities alleged herein.

14.     At all times relevant herein, Defendant, Chopra is and was the Vice President and/or Owner of Horizon Consulting.

15.     Upon information and belief, Chopra is a citizen of the State of New York.

16.     At all times relevant herein, Defendant, Suri is and was the manager and/or supervising party of Blue Diamond.

17.     Upon information and belief, Suri is a citizen of the State of New York.

18.     At all times relevant herein, Defendant Goyal is and was an Owner of Horizon Consulting.

19.     Upon information and belief, Goyal is a citizen of the State of New York.

20.     At all times relevant herein, Defendant M. Narang is and was the Vice President and/or Owner of Horizon Consulting and Blue Diamond.

21.     Upon information and belief, M. Narang is a citizen of the State of New York.

22.     At all times relevant herein, Defendant R. Narang is and was the Vice President and/or Owner of Horizon Consulting and Blue Diamond.

23.     Upon information and belief, R. Narang is a citizen of the State of New York.

24.     At all times relevant herein, Defendant Patel is and was an Owner of Horizon Consulting and Blue Diamond.

25.     Upon information and belief, Patel is a citizen of the State of New York. (Hereinafter, the individual defendants Chopra, Suri, Goyal, M. Narang, R. Narang, and Patel shall be referred to collectively as "Individual Defendants").

26.     At all times relevant here, Defendants were an "employer" of the Plaintiffs within the meaning of the applicable federal and/or state statutes and regulations.

27.     Upon information and belief, Defendants had and have: (a) employees engaged in commerce or in the production of goods for commerce, or has employees, handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

## COLLECTIVE ACTION ALLEGATIONS

28.     At all times within the applicable statute of limitations, Defendants have employed over fifty employees, including Plaintiffs, in the position of line cook or cook ("Kitchen Staff"), who worked in excess of forty (40) hours per work week; yet, were denied the applicable minimum wage and overtime wages.

29.     Upon information and belief, Defendants have employed numerous servers since August 18, 2014 who have been subjected to the same terms and conditions of employment as Plaintiffs.

6

30.     Defendants engaged in the employment practice of paying Kitchen Staff at an hourly rate less than the federally required minimum hourly rate.

31.     Defendants engaged in the employment practice of denying Kitchen Staff the overtime premium for all hours worked in excess of forty (40) in a work week.

32.     The unlawful employment practices at issue with the respect to the similarly situated Kitchen Staff and the named plaintiffs in this action are identical, as Defendants, in all cases, have willfully denied such employees minimum wages and overtime premium wages that they are owed.

33.     Past and current Kitchen Staff employed by Defendants who are similarly situated to the named plaintiffs in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

34.     Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

35.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"): All line cooks or cooks ("Kitchen Staff") who were employed by Defendants in the State of New York since August 18, 2011.

36.     The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendants have employed over fifty individuals in the Kitchen Staff positions during the applicable statute of limitations.

37.     Questions of law and fact common to the Class include, but are not limited to, the following:

(a)  Whether the named plaintiffs and persons belonging to the Class did not receive the overtime premium for hours worked in excess of forty (40) in a work week;

(b)  Whether the named plaintiffs and persons belonging to the Class were not paid the appropriate minimum wage for hours worked in a work week;

(c)  Whether the named plaintiffs and persons belonging to the Class were not paid spread of hours wages required pursuant to the Labor Law and its regulations;

(d)  Whether the named plaintiffs and persons belonging to the Class received wage notices as required by Labor Law 195(1);

(e)  Whether the named plaintiffs and persons belonging to the Class received adequate wage statements as required by Labor Law 195(3);

(f)  Whether Defendants' denial of minimum wages and the overtime premium wages to the named plaintiffs and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable law; and

(g)  Whether the named plaintiffs and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

38.     The claims made by the named plaintiffs are typical of the claims of the Class because the named plaintiffs and the Class incurred the same type of damages; namely, unpaid wages, as a direct result of the same practices and policies implemented by Defendants.

39.     The named plaintiffs will fairly and adequately protect the interests of the Class because the interests of the named plaintiffs are aligned with those of the Class and the named plaintiffs have no conflicts of interest with the Class.  Likewise, the named plaintiffs are represented by qualified and experienced counsel.

40.     By engaging in such unlawful employment practices as failing or refusing to pay minimum wages and overtime premium wages, Defendants have acted or refused to act on grounds generally applicable to the Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

41.     The questions of law and fact common to the Class, including, but not limited to, those identified in paragraph 37, predominate over questions affecting only the named plaintiffs, and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

42.     For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

43.     At all times mentioned herein, Defendants are and were engaged in the restaurant and off-site catering business in Long Island.

44.     The Individual Defendants each individually oversaw the daily operations of Horizon Consulting and Blue Diamond; and exercised control over the terms and conditions of Plaintiffs employment, including but not limited to hiring, firing, hours worked or scheduled, rate and method of compensation, and compliance with the federal and state wage and hour laws.

45.     Plaintiffs were employed by Horizon and Blue Diamond to work in the kitchen of their restaurants in Massapequa, New York as line cooks beginning in or about September 2015.

46.     During their entire tenure of employment, Plaintiffs, and all other Kitchen Staff, worked 10-12 hour shifts, seven (7) days a week.

47.     Plaintiffs' typical shift was 10 a.m. until 11 p.m.

48.     During their entire tenure of employment, Plaintiffs, and all other Kitchen Staff, were paid a flat salary of $500.00 per week regardless of the number of hours worked per work week.

49.    During their entire tenure of employment, Plaintiffs, and all other Kitchen Staff, were not permitted to take a meal break or any other break during the work day, or were not permitted to leave the building during the work day.

50.    Although Plaintiffs, and all other Kitchen Staff, worked in excess of ten (10) hours each work day, Defendants failed to pay Plaintiffs, and all other Kitchen Staff, spread of hours wages.

51.    At no point at the beginning or during their employment with Defendants did Defendants furnish Plaintiffs, and all other Kitchen Staff, with written notice of their wage rates, and other information required pursuant to Labor Law § 195(1).

52.    As well, at no time during their employment with Defendants did Defendants furnish Plaintiffs, and all other Kitchen Staff, with wage statements or paystubs at or around the time of each pay day, with information required pursuant to Labor Law § 195(3).

53.    Plaintiffs' employment with Defendants ended on or about September 15, 2016.

## FIRST CLAIM AGAINST ALL DEFENDANTS AS TO THE COLLECTIVE ACTION
### (Unpaid Minimum Wages in Violation of the FLSA)

54.    Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.    As described above, at all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

56.    Plaintiff is a covered employee within the meaning of the FLSA, 20 U.S.C. §§ 206(a) & 207(a).

57.    Plaintiffs and all other similarly situated employees are and were non-exempt employees under the FLSA.

58.    At all times relevant to this action, Plaintiffs and all other similarly situated employees were denied the legally required minimum hourly wage pursuant to the FLSA.

59.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and all other employees similarly situated.  As such, Defendants' non-compliance with the FLSA was willful.

60.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and all other

employees similarly situated have suffered economic damages in the form of lost wages

in an amount to be determined at trial and are entitled to recover the value of those

unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the

FLSA.

### SECOND CLAIM AGAINST ALL DEFENDANTS AS TO THE COLLECTIVE ACTION
### (Unpaid Overtime wages in Violation of the FLSA)

61.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above

with the same force and effect as if more fully set forth herein.


62.     Defendants were the employer of the Plaintiffs and all other similarly situated

employees within the meaning of the FLSA.


63.     Plaintiffs and all other similarly situated employees are and were non-exempt

employees under the FLSA.


64.     Plaintiffs and all other similarly situated employees worked in excess of 40 hours

per work week for Defendants on a weekly basis as described above, but were denied

overtime premium wages.


65.     Defendants were aware or should have been aware that the practices described in

this Complaint were unlawful and it has not made a good faith effort to comply with the

FLSA with respect to the compensation of the Plaintiff and all other employees similarly situated to them. As such, Defendants' noncompliance with the FLSA is willful.

66.     As a proximate result of the Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### THIRD CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS
### (Unpaid Minimum Wages in Violation of the Labor Law)

67.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.     Defendants were the employer of Plaintiffs and the Class within the meaning of the Labor Law.

69.     Plaintiffs and the Class are and were non-exempt employees under the Labor Law.

70.     Despite their status as a non-exempt employee, Defendants willfully paid Plaintiffs and the Class less than minimum wage for all hours worked.

71.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made any good faith efforts to comply with

the Labor Law with the respect to the compensation of Plaintiffs and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

72.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## FOURTH CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS ACTION
### (Unpaid Overtime Wages in Violation of the Labor Law)

73.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     Defendants were the employer of Plaintiffs and the Class within the meaning of the Labor Law.

75.     Plaintiffs and the Class are and were non-exempt employees under the Labor Law.

76.     Plaintiffs and Class worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but were denied overtime premium wages.

77.     Defendants were aware or should have been aware that the practices described in the Complaint were unlawful and it has not made a good faith effort to comply with the

Labor Law with respect to the compensation of the Plaintiffs and the Class.  As such, Defendants' noncompliance with the Labor Law was willful.

78.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**FIFTH CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS ACTION**
**(Unpaid Spread of Hours Wages in Violation of the Labor Law)**

79.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     Defendants were the employer of Plaintiffs and the Class within the meaning of the Labor Law.

81.     Plaintiffs and the Class are and were non-exempt employees under the Labor Law.

82.     Plaintiffs and Class worked in excess of ten (10) hours per work day for Defendants as described above, but were denied spread of hours wages.

83.     Defendants were aware or should have been aware that the practices described in the Complaint were unlawful and it has not made a good faith effort to comply with the

Labor Law with respect to the compensation of the Plaintiffs and the Class.  As such, Defendants' noncompliance with the Labor Law was willful.

84.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid spread of hours wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

## SIXTH CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS ACTION
### (Violations of Labor Law § 195(1))

85.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.     Defendants have failed to furnish to Plaintiffs and the Class the information required by Labor Law § 195(1) at the time of their hiring or any time thereafter.

87.     Defendants were aware of should have been aware of its statutory obligation to provide such information to Plaintiffs and the Class.

88.     Due to Defendants' violations of the Labor Law § 195(1), Plaintiffs and the Class are entitled to recover statutory damages from Defendants in the amount of $50.00 per day that the violation occurred, capped at $5,000.00, plus attorney's fees and costs of this action.

## SEVENTH CLAIM AGAINST ALL DEFENDANTS AS TO THE CLASS ACTION
### (Violations of Labor Law § 195(3))

89.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.     Defendants have failed to furnish to Plaintiffs and the Class with the information required by Labor Law § 195(3) at each payday.

91.     Defendants were aware of should have been aware of its statutory obligation to provide such information to Plaintiff.

92.     Due to Defendants' violations of Labor Law § 195(3), Plaintiff and the Class are entitled to recover statutory damages from Defendants in the amount of $250.00 per violation, capped at $5,000.00, plus attorney's fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter a judgment containing the following relief:

a)      An order declaring Defendants has violated the provisions of the FLSA and Labor Law relating to payment of minimum wages, overtime premium wages, and/or spread of hours wages;

b)      An order enjoining Defendants from engaging in the unlawful activities alleged above;

c)      An order awarding monetary damages for Plaintiffs' and the Collective's and/or Class's economic losses in the form of unpaid minimum wages, unpaid overtime premium wages, and/or spread of hours wages;

d)      An order awarding liquidated damages to Plaintiffs and the Collective and/or Class under the FLSA and the Labor Law in an amount equal to the

total amount of unpaid minimum wages, overtime premium wages, and spread of hours wages;

e)   An order awarding statutory damages to Plaintiffs and the Class arising from Defendants' violations of Labor Law § 195(1) and Labor Law § 195(3);

f)   An award of prejudgment interest on the unpaid minimum wages, unpaid overtime wages, and/or unpaid spread of hours wages owed to Plaintiffs and the Class pursuant to the Labor Law;

g)   An award of Plaintiffs' and the Collective's and/or Class's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

h)   An award of the Plaintiffs' and the Collective's and/or Class's costs of this action; and

i)   Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: August 21, 2017
         New York, New York                    LEVINE & BLIT, PLLC

                                                Matthew J. Blit, Esq.
                                                Russell S. Moriarty, Esq.
                                                Justin S. Clark, Esq.
                                                *Attorneys for Plaintiffs*
                                                350 Fifth Avenue, Suite 4020
                                                New York, NY 10118
                                                (212) 967-3000

_____/s/_____

BARAK P. CARDENAS, ESQ. (BC-1276)
CARDENAS ISLAM & ASSOC., P.L.L.C.
*Attorneys for Plaintiffs*
175-61 Hillside Ave. Ste. 302
Jamaica, NY 11432
Tel.: (347) 809-7810