**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
RUDY J. ZABALA and JOSE FRANCISCO ZABALA, and on behalf
of themselves and others similarly situated,                                        No. 17-cv-4944 (SJF)(SIL)

                                                            Plaintiff,

                    - against -


HORIZON CONSULTING NY, INC., BLUE DIAMOND
MANAGEMENT, RAVINDER CHOPRA, an individual SHALU
SURI, an individual, SUSHIL K. GOYAL, an individual, NILESH
PATEL, an individual, MANOJ A. NARANG, an individual, and
RANJU NARANG, an individual

                                                            Defendant(s).
-------------------------------------------------------------------------X

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff, by and through their attorneys Levine & Blit, PLLC, hereby files his

response to the Court's Order to Show Cause ("OTC"), dated January 17, 2018 (Docket

#91) Plaintiffs respectfully request that the matter not be dismissed with prejudice pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure.

### BACKGROUND FACTS RELEVANT TO THIS ISSUE

As a threshold matter, plaintiffs respectfully disagree with the language of the

Court's Order to Show Cause, specifically with respect to the statement that, at the March

5, 2018 Conference, the Court "provided *plaintiff* eighty (80) days within which to conduct

certain depositions." (*emphasis added*) (Order to Show Cause, June 19, 2018, hereinafter

"OTC")

Plaintiffs' co-counsel appeared on behalf of plaintiffs at the Court's first

Conference on March 5, 2018 (the "Conference").[1] Appearing at the Conference, as well,

---

[1] No ECF Order was issued by the Court subsequent to the March 5th Conference, and plaintiffs' counsel called the Court subsequent to the Conference to see if I could obtain a transcript of the Conference. I was told that no court reporter was likely present at the Conference, and that no transcript was available. Therefore, my recollection of the Conference and the directives of the Court are based on my best recollection and contemporaneous notes, and if are anyway faulty, are not intentional. (Moriarty Decl., ¶ 3)

was Zafar Siddiqi, Esq. ("Mr. Siddiqi"), who represented defendants Ravinder Chopra and Shalu Suri who had previously filed Answers to the Complaint.   Appearing at the Conference, as well, was Rashmee Sinha ("Ms. Sinha") who, at that time, stated that she represented defendants Blue Diamond Management, Inc., Sushil Goyal, Nilesh Patel, Manoj Narang, and Ranju Narang.  None of the defendants represented by Ms. Sinha had filed Answers to the Complaint at the time of the Conference. (Moriarty Decl., ¶ 2)

At the Conference, Ms. Sinha argued briefly that her clients were not proper defendants, and that it was Mr. Siddiqi's clients who were proper defendants.  Plaintiff's counsel recalls that Mr. Siddiqi argued the opposite, that it was Ms. Sinha's clients who were proper defendants. At the Conference, plaintiffs' counsel maintained that it was plaintiffs' position that all defendants were proper defendants.  The defendants' counsel also argued over which defendant(s) possessed the payroll records necessary for the prosecution of this matter, with both arguing that the other's clients maintained such records.  Upon recollection, Ms. Sinha also stated that her clients would file an Answer, as none of her client defendants had yet to file an Answer at the time of the Conference. (Moriarty Decl., ¶ 4)

Given that the main concern, at the time of the Conference, was for defendants to sort out which of the defendants should be held responsible, and which defendants possessed the necessary payroll records, the Court directed limited discovery for defendants to depose each other's respective named defendants, and to depose plaintiffs, solely on the issues of determining who were the proper defendants, who had the records, and whether or not plaintiffs were seasonal, or full-time, employees.  The Court also stated that plaintiffs should depose all represented defendants, as well  (Moriarty Decl., ¶ 5), and

[2]

that the depositions should be completed by May 25th. (Moriarty Decl., ¶ 6)   Accordingly, plaintiffs respectfully disagree with the language of the Court's Order to Show Cause, specifically with respect to the statement that, at the March 5, 2018 Conference, the Court "provided *plaintiff* eighty (80) days within which to conduct certain depositions." (*emphasis added*) (OTC)   In fact, from counsel's recollection of the conference, the main purpose of the contemplated depositions were for the defendants to sort out their initial differences.

Subsequent to the Conference, Mr. Siddiqi contacted me to inform me that he would be leaving the country, and would not be returning until sometime in April.  At the time of his return in early April, plaintiffs' counsel, Russell Moriarty, Esq., was on trial in the Eastern District of New York on another matter, which lasted until April 13, 2018. (Moriarty Decl., ¶ 7)

Throughout the entire time period from the date of the Conference through the May 25th date imposed by the Court, Ms. Sinha's clients never filed an Answer to the Complaint. (Moriarty Decl., ¶ 8)  Despite not filing an Answer, Ms. Sinha served deposition notices on plaintiffs, on April 10, 2018, which we accepted.  Ms. Sinha noticed the depositions for May 14, 2018, and May 15, 2018, for both plaintiffs (Exhibit A)[2].

Plaintiffs did not object to these deposition notices, despite the fact that Ms. Sinha's clients had yet to file an Answer.  Thereafter, on May 13, 2018, in response to other issues (as will be discussed further below), Ms. Sinha notified plaintiff's counsel that she had a mediation in New Jersey on May 15, 2018, and stated that the mediation "was calendared months in advance" (Exhibit B).  Though she had noticed plaintiff Zabala's deposition on

---

[2] For all references to "Exhibit __", please see the exhibits attached to Declaration of Russell S. Moriarty in support of this Reply.

that very date, it became apparent that defendants did not intend on taking the depositions of plaintiffs.  Defendants made no effort whatsoever to follow through on the depositions which they noticed for May 14th and 15th, though plaintiffs never objected to said depositions. (Moriarty Decl., ¶ 10)   Upon information and belief, Ms. Sinha also served deposition notices for Mr. Siddiqi's defendants, but never followed through on any such depositions, either, for unknown reasons. (Moriarty Decl., ¶ 11)

During early May, plaintiffs made efforts to depose defendants prior to the Court deadline of May 25, 2018.  Though Ms. Sinha's defendants still did not file an Answer, on May 7th, plaintiffs' counsel proposed seven (7) dates in which to depose her clients prior to the May 25th date set by the Court.  Plaintiffs' counsel also stated that we would complete all depositions of the defendants, given the limited scope of these depositions as set by the Court, in one of any of the seven (7) days, in order to make scheduling more convenient. (Exhibit C)   None of these seven dates were selected by Ms. Sinha for her clients' depositions (Moriarty Decl., ¶ 11), and no alternative dates were proposed to complete the depositions before the May 25th date.

On May 11th, plaintiffs' counsel again proposed five dates in which counsel could complete depositions of Ms. Sinha's defendants prior to the May 25th date set by the Court. (Exhibit D) (Moriarty Decl., ¶ 13)  Defendants were not made available for any of these proposed dates, either, and no alternative dates were provided to complete the depositions by the May 25th date.[3] (Moriarty Decl., ¶ 14)

---

[3] Well thereafter, Ms. Sinha proposed dates for her clients to be deposed, which were well after the May 25th deadline set by the Court, and after the next Conference scheduled by the Court.  Ms. Sinha then notified plaintiffs' counsel to that she no longer represented two of the defendants, and requested an extension to file her Answer.  We agreed to Ms. Sinha's request for an extension.

[4]

Around that same time period, plaintiffs' counsel was also discussing deposition dates for Mr. Siddiqi's defendants. (Exhibit E)  On May 11, 2018, Mr. Siddiqi agreed to make his clients available for their depositions on May 15, 2018.  Given that Ms. Sinha also noticed plaintiff for his deposition on May 15th (Exhibit A) (*supra*, ¶ 9), it would have been a convenient day to wrap up several depositions.  Plaintiffs' counsel immediately notified Ms. Sinha that we would be deposing Mr. Siddiqi's clients on May 15th (Exhibit D)  Ms. Sinha threatened that she would file a motion regarding the admissibility of the depositions if we went forward with the depositions of Mr. Siddiqi's clients, as she was not available on May 15 (Exhibit B) (though, inexplicably, it was the same day that she noticed plaintiff Zabala's deposition – *see* Exhibit A). (Moriarty Decl., ¶ 15)  Accordingly, Mr. Siddiqi's clients were not deposed that day, nor were plaintiffs. (Moriarty Decl., ¶ 16)

Finally, the fact that Ms. Sinha's defendants had not filed an Answer made it fruitless for plaintiffs to try and compel defendants' depositions by notice, as they had not yet formally joined the case, and inappropriate for Ms. Sinha's defendants to make demands of any parties in this case.  Mr. Siddiqi, appropriately, made this point clear to plaintiffs' counsel on several occasions.

Please note that plaintiffs in no way intend to insinuate that Ms. Sinha's defendants, or anyone, acted intentionally to delay this process, but the facts of the matter are that plaintiffs should not be held responsible, solely or at all, for the preliminary discovery directed by the Court not being completed.  Based on the foregoing, plaintiffs respectfully request that the matter not be dismissed with prejudice pursuant to Rule 41(b)

**ARGUMENT**

Rule 41(b) of the Federal Rules of Civil Procedure, states that an action may be dismissed due to a failure to prosecute.  It is well settled that a district court contemplating dismissal for failure to prosecute must consider the following five factors:

[1] the duration of the plaintiff's failures,

[2] whether plaintiff had received notice that further delays would result in dismissal,

[3] whether the defendant is likely to be prejudiced by further delay,

[4] . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

[5] . . . the efficacy of lesser sanctions. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2016) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); accord *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999).

## 1.      *Duration of Plaintiffs' Alleged Failure to Prosecute*

In the present matter, the above five factors do not justify dismissal.  As per the facts above, plaintiffs have not delayed in their efforts to prosecute this matter.  If anything, the matter has been delayed due to defendants' failure to file an Answer (Moriarty Decl., ¶ 8), by defendants' serving deposition notices to plaintiffs for dates in which defendants did not intend on deposing plaintiffs (Moriarty Decl., ¶ 9-10), and by defendants' failure to provide dates of availability for defendants' depositions within the time frame articulated by the Court. (Moriarty Decl., ¶ 12-15)  Moreover, the first Conference in this matter was only three months and three weeks ago, and plaintiffs remain ready to prosecute this matter. Accordingly, the first factor of the above-stated test does not warrant dismissal.

[6]

**2.     *Notice That Further Delays Would Result in Dismissal***

The second of the five factors does not warrant dismissal, eeither.  Plaintiffs have received no prior notice that further delays would result in dismissal.  One conference in this matter has been held by the Court, on March 5, 2018.  A formal case management plan has not been entered into.  No written orders whatsoever have been issued by the Court regarding any discovery deadline.  This Order to Show Cause is the first time that such an issue has been raised.  Accordingly, the second of the five factors listed above does not warrant dismissal.

**3.     *Prejudice to Defendants***

Defendants have no legitimate argument that they will be prejudiced by any delays.  Defendants essentially requested the depositions referred to in the Court's OTC, due to their disagreements at the March 5th Conference. (Moriarty Decl., ¶ 4-5)  Plaintiffs would have happily entered into a full case management plan at the March 5th Conference, rather than have these threshold depositions.  Ms. Sinha's defendants inexplicably failed to file an Answer in this matter within the Court's deadline to complete these preliminary depositions. (Moriarty Decl., ¶ 5)  Ms. Sinha's defendants failed to make themselves available for depositions despite seven dates for depositions proposed to them prior to the Court deadline. (Moriarty Decl., ¶ 12-16)  Ms. Sinha's defendants noticed plaintiffs depositions then failed to conduct them, as Ms. Sinha had a mediation scheduled in New Jersey months ago, though she scheduled plaintiff's deposition on that same day. (*Id.*)  Finally, Ms. Sinha caused the depositions of Mr. Siddiqi's defendants to be cancelled due to her aforementioned mediation, though she had noticed plaintiff for deposition that same day. (*Id.*)  Should this matter be dismissed, defendants will reap an undeserved benefit,

[7]

given the actions of the past several months.  Accordingly, defendants have no legitimate claim of prejudice in this matter, the third of the five factors listed above does not warrant dismissal.

### 4.      *Balance Between Court Calendar and Parties' Rights*

Plaintiffs deserve a right to prosecute their claims in this matter, and should not have their right to justice denied due to defendants' disagreement in the first Conference as to who should take responsibility for the alleged wrongdoing and as to which defendants possess the relevant employment records in this case.  Plaintiffs have the utmost respect for the Court's congested calendar, and are wholly ready, willing and able to move forward with a case management plan dictating discovery in this matter, going forward. Accordingly, the fourth of the five factors listed above does not warrant dismissal.

### 5.      *Lesser Sanctions*

Plaintiffs maintain that the initial threshold discovery ordered by the Court was due to the actions of defendants, and for the benefits of defendants.  Plaintiffs maintain that plaintiffs should not be punished for depositions not occurring prior to the Court's May 25th deadline, due to the facts above.  Accordingly, plaintiffs argue that no sanctions are warranted, let alone dismissal with prejudice.  Plaintiffs stand ready to prosecute this action, and no sanctions are necessary to compel plaintiffs to do so.

### CONCLUSION

For the above-stated reasons, plaintiffs respectfully request that the matter not be dismissed.  In the alternative, plaintiffs request that a strict case management plan be ordered by the Court to govern all aspects of discovery going forward.

Dated: June 29, 2018
        New York, New York

LEVINE & BLIT, PLLC

_____
RUSSELL S MORIARTY, ESQ.
(RM 0224)

*Attorneys for Plaintiff*
Empire State Building
350 Fifth Avenue, Suite 4020
New York, NY 10118
Phone: (212)967-3000
Fax: (212)967-3010

[9]