

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

www.pecklaw.com

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX
Devon, PA

**International Alliances**

Beijing
Bogota
Buenos Aires
Guatemala City
Lima
London
Managua
Mexico City
Montevideo
Panama City
San Jose
Santiago
Sao Paulo

**Rashmee Sinha**
*Senior Counsel*

Direct Dial: (201) 343-3434 ext.2248
E-Mail Address: rsinha@pecklaw.com

<u>**VIA ECF**</u>

June 29, 2018

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:   Zabala et. al. v. Horizon Consulting New York, Inc., et. al.
      Civil Action No. 1:17-cv-4944 (SJL)(SIL)
      <u>Our File No. 10876/381060</u>

Dear Judge Feuerstein:

This firm represents Defendants Sushil Goyal and Nilesh Patel. We write to clarify the record with regard to the Court's Order to Show Cause ("OSC") dated June 19, 2018 (Dkt. No. 18) and Counsel for Plaintiff's Response to the OSC, which was filed today. (Dkt. No. 22). Counsel for Plaintiff essentially claims that Defendants failed to prosecute this action and that the case should therefore <u>not</u> be dismissed pursuant to the OSC. This logic is misplaced. Defendants' alleged failure to prosecute is not at issue under F.R.C. P. 41(b). F.R.C.P 41(b) empowers the Court to involuntarily dismiss an action if the *Plaintiff* fails to prosecute the action. In this action, the Plaintiffs failed to take affirmative steps to advance the case for approximately ten (10) months. Indeed, even before the filing of two separate Motions to Adjourn the Initial Conference in this matter, both of which were granted, the Plaintiffs have been inactive. <u>See</u>: Dkt. Nos: 8 and 13. No discovery has taken place. Nor have any deposition been conducted. During the June 19, 2018 Status Conference, the Court requested that Plaintiffs at the very least produce any Notices of Depositions that were allegedly served on Defendants. Not surprisingly, because Plaintiffs did not serve the parties with any such Notices, none were appended to Plaintiffs' response to the Court's OSC. (Dkt. No. 22).

The reality is that the undersigned has made every effort to resolve this matter expeditiously. By letter dated November 9, 2017, the undersigned contacted Plaintiffs' Counsel as the representative of Defendants' Blue Diamond Management, Inc., Sushil K. Goyal, Manoj A. Narang, Ranju Narang and Nilesh D.



3985092_1

# Peckar & Abramson
A Professional Corporation Attorneys & Counselors at Law

Hon. Sandra J. Feuerstein, U.S.D.J
June 29, 2018
Page 2

Patel[1] to (1) determine whether service had been effectuated on the Defendants; (2) to gauge the nature and scope of allegations in the Complaint in order to hash out any potential conflict of interest issues with regard to representation, and (3) to the extent appropriate, to determine whether Plaintiffs had any interest in exploring early settlement negotiations before the parties began to incur substantial litigation fees.  After receiving no response to my letter, I contacted Plaintiff's counsel, Mr. Moriarty by email on December 4, 2017 to request a response. I made several phone calls as well.  Plaintiff's counsel did not respond to my emails of January 11, January 17, January 19, January 22 or any follow-up phone calls to discuss.

After the March 5th status conference in this matter, on April 9, 2018, again after hearing nothing, I emailed Mr. Moriarty to request that the parties connect to discuss the status of the matter. The case languished for another month without any activity.  On or around April 10th and 12th, the undersigned served discovery demands and noticed several depositions.  About a month later, Plaintiff's counsel finally agreed to participate in a conference call on Monday, May 7, 2018, only to cancel the call five minutes before it was scheduled to take place at 4:00 p.m. that day.  The undersigned then emailed Plaintiff's counsel to request that counsel provide the courtesy of a response to the numerous attempts to reach him to discuss the matter.  The undersigned noted that Defendants have patiently waited over seven (7) months for a settlement demand, or an indication either way as to whether Plaintiffs intended to prosecute the case. Defendants also requested that Plaintiffs provide responses to their overdue discovery demands, which were served in April.  For the first time since the complaint was filed in this action on August 22, 2017, Plaintiffs' counsel, Russell Moriarty, Esq. and Reza Islam, Esq. finally appeared for a joint telephone conference call on May 10, 2018 to discuss the nature of the claims, alleged involvement of the named parties, joinder of any additional parties, possibility of early resolution, proposed settlement demand and representational issues.

Thereafter, after months of idling by and doing nothing on this case, the following day, on Friday, May 11, 2018, about an hour before the close of business, and with only two weeks remaining to the discovery deadline of May 25, 2018 in this matter, Plaintiff's counsel informed the undersigned via email at 3:48 p.m. that Mr. Zafar Siddiqi, Esq. Counsel for defendants Ravinder Chopra and Shalu Suri would make his clients available on Tuesday, May 15, 2018 for their depositions. Again, no deposition notices were ever served by Plaintiffs. In the meantime, considering Plaintiff's failure to communicate and prosecute this matter, the undersigned had already confirmed her attendance at a mediation in New Jersey, which did go forward to completion.  Thereafter, by email dated May 21, 2018, the undersigned requested that if

---

[1] Initially, the undersigned was retained to represent Blue Diamond Management, Inc., Sushil K. Goyal, Manoj A. Narang, Ranju Narang and Nilesh D. Patel.  However, through continuing investigation, and only after having an opportunity to speak with Plaintiffs' counsel on May 10, 2018, the undersigned withdrew as Counsel for Blue Diamond Management, Inc., Manoj A. Narang and Ranju Narang to avoid any potential risk of a conflict of interest that may potentially arise in the future in the defense of the parties involved.

# Peckar & Abramson
A Professional Corporation Attorneys & Counselors at Law

Hon. Sandra J. Feuerstein, U.S.D.J
June 29, 2018
Page 3

Plaintiffs' counsel intended to take any depositions, that he properly serve Notices of Depositions on the parties. As stated earlier, no such Notices were ever served.

Shortly after the May 10, 2018 joint telephone conference with Plaintiffs' counsel, it became clear that the undersigned could not represent all of the parties initially identified above. As soon as the representational issues were ironed out, the undersigned filed an Answer on behalf of Sushil Goyal and Nilesh Patel only.

While a Rule 41(b) Order is perceived as a harsh remedy and we do not oppose Counsel for Plaintiffs' response to the OSC, we believe the Court should have the benefit of the above information before rendering a decision.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

/s/ *Rashmee Sinha*

RASHMEE SINHA

RS:rc

cc:   All counsel (via ECF)